| | |
|---|---|
| **CELGARD, LLC,** | |
| **Plaintiff,** | |
| **vs.** | **ORDER** |
| **SHENZEN SENIOR TECHNOLOGY MATERIAL CO. LTD,** *et al.***,** | |
| **Defendants.** | |

This matter is before the Court on Plaintiff's Motion for Substituted Service ("Motion") requesting that the Court "permit service on Defendants Shenzen Senior Technology Material Co. Ltd. [("Shenzen Tech")] and Dr. Xiamon 'Steven' Zhang [("Dr. Zhang")] . . . via email to their retained U.S. counsel . . . ." (Dock. No. 13, at 1). The Court, having considered the briefs and materials submitted in support of and in opposition to the Motion, determines that Shenzen Tech and Dr. Zhang may be served via email to their U.S. counsel under Fed. R. Civ. P. 4(f)(3) and that Plaintiff's Motion should be granted.

## I.     Factual Background

Plaintiff filed its Complaint (Dock. No. 1) on March 2, 2020. On March 23, 2020, Defendants' counsel offered to accept service on behalf of Defendants Global Venture Development, LLC, Global Venture Development, Inc., Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute, and Sun Town Technology, Inc. (Dock. No. 14-1, at 7). Plaintiff then requested Defendants' counsel to accept service on behalf of the two remaining Defendants, Shenzen Tech and Dr. Zhang (together, the "Unserved Defendants"). Defendants' counsel denied that request and insisted on service of the Unserved Defendants—who are currently located in China—through the Hague Convention. (Dock. No. 14-1, at 6). Plaintiff alleges that service

through the Hague Convention could take years to accomplish. (Dock. No. 14-1, at 6). Further, Plaintiff attempted to serve the Unserved Defendants at addresses they have used in the United States but was unsuccessful. (Dock. No. 14-1, at 7). Plaintiff then filed this Motion for alternate service of the Unserved Defendants under Fed. R. Civ. P. 4(f)(3) to avoid additional expense and delay. (Dock. No. 14-1, at 7).

## I.    Discussion

Fed. R. Civ. P. 4(f) governs service of an individual in a foreign country. Under Rule 4(f), "an individual . . . may be served at a place not within any judicial district of the United States" by three means:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

"Rule 4(f) does not denote any hierarchy or preference for one [means] of service over another." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). It follows that "[s]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* (quotations and citation omitted). Further, courts are "afforded wide discretion in ordering service of process under Rule 4(f)(3), which 'provides the Court with . . . flexibility and discretion . . .[,] empowering courts

2

to fit the manner of service utilized to the facts and circumstances of the particular case.'" *Id.* (citing *Broadfoot v. Diaz (In re Int'l Telemedia Assocs.,)*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000) (granting Rule 4(f)(3) motion to approve service to defendant's last-known email address)).

In order to serve process via Rule 4(f)(3), plaintiffs must comply with the textual limitations of the rule as well as constitutional due process requirements. *See Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-cv-225-RJC-DCK, 2014 U.S. Dist. LEXIS 113629, at *5 (W.D.N.C. Aug. 15, 2014). The textual limitations are that "the means of service must be directed by the court and must not be prohibited by international agreement." *Enovative Techs.*, 622 F. App'x at 214. (citation omitted). The due process requirement is that courts must "approve a method of service that is 'reasonably calculated under all the circumstances' to give notice to defendant." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). A party's willingness to communicate via electronic mail can be considered by courts when determining whether service by electronic mail is reasonable. *See id.* (affirming a district court's decision to allow service upon a foreign defendant via email where, *inter alia*, the defendant had previously shown a willingness to communicate via electronic mail).

Here, Plaintiff requests email service of the Unserved Defendants via their U.S. counsel under Rule 4(f)(3). The Unserved Defendants oppose on three grounds, arguing that (1) Plaintiff must first attempt service via a method agreed upon in the Hague Convention before it can seek an alternate method—here, email—under Rule 4(f)(3), (2) Plaintiff may not serve the Unserved Defendants via their U.S. counsel under Rule (4)(f)(3), and (3) Plaintiff "has not shown that the circumstances necessitate substituted service."

### A.  Service via a method agreed upon in the Hague Convention

The Unserved Defendants argue that Plaintiff must first attempt service under the Hague Convention (pursuant to Rule 4(f)(1)) before it can serve Defendants under Rule 4(f)(3). (Dock.

No. 19, at 10). The Court disagrees. As explained above, "Rule 4(f) does not denote any hierarchy or preference for one [means] of service over another." *Enovative Techs.*, 622 F. App'x at 214. Instead, Rule 4(f) provides for service "by internationally agreed [methods] . . . reasonably calculated to give notice" under Rule 4(f)(1) *or* "by other means not prohibited by international agreement, as the court orders" under Rule 4(f)(3). *Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-cv-225-RJC-DCK (W.D.N.C. Aug. 15, 2014). Thus, Plaintiff is not required to attempt service under Rule 4(f)(1) before it may request the Court to provide an alternate method of service under Rule 4(f)(3).

### B. Service through U.S. counsel

The Unserved Defendants also argue that because service is only proper under Rule 4(f) if the place of service "is not within any district of the United States," service of the Unserved Defendants' U.S. counsel would be improper. (Dock. No. 19, at 11). Again, the Court disagrees. Service would not be complete when the Unserved Defendants' U.S. counsel receives the summons via email. Instead, the U.S. counsel would merely function "as a *mechanism to transmit the service*" to the Unserved Defendants, who are located in China. *See Bazarian Int'l Fin. Assocs.*, 168 F. Supp. 3d 1, 14 (D.D.C. 2016). Indeed, any court order crafted under Rule 4(f)(3) would generally "require transmission of service papers to a foreign defendant via a domestic conduit like a law firm or agent—ultimately, the foreign individual is served and thereby provided notice outside a United States judicial district, in accordance with Rule 4's plain language.'" *Id.* at 14 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1009-10 (N.D. Cal. 2014)). Thus, service of the Unserved Defendants through their U.S. counsel would not be improper under Rule 4(f). *See Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-cv-225-RJC-DCK, 2014 U.S. Dist. LEXIS 113629, at *7 (W.D.N.C. Aug. 15, 2014) (ordering service of a foreign party through its U.S. counsel under Rule 4(f)).

### C. "Necessity" of service

The Unserved Defendants rely on a Ninth Circuit case, *Rio Props.*, for their assertion that "the burden [is] on [Plaintiff] to establish that 'the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)." (Dock. No. 19, at 13) (citing 284 F.3d at 1016). However, the passage cited by the Unserved Defendants does not place a burden on Plaintiff; instead, it explains that "Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure" and that "the task of determining when the particularities and necessities of a given case require alternative service . . . under Rule 4(f)(3)" is committed "to the *sound discretion of the district court*." *Rio Props.*, 284 F.3d at 1016 (emphasis added). While the Unserved Defendants seek to create an additional "necessity" requirement, Plaintiff need only satisfy the textual limitations of the rule and constitutional due process requirements to empower the Court to grant Plaintiff's request for alternate process under Rule 4(f)(3). *See Enovative Techs.*, 622 F. App'x at 214.

Here, Plaintiff satisfies both of those requirements. First, regarding the textual requirement that the method of service not be prohibited by international agreement, there is no evidence—and the Unserved Defendants have not alleged—that the Hague Convention prohibits email service. Nevertheless, the Unserved Defendants argue that because the Hague Convention only authorizes alternate service in cases of emergency, and Plaintiff has not established that this is an emergency, Plaintiff's request for email service is prohibited. (Dock. No. 19, at 14). However, that approach essentially merges Rules 4(f)(1) and (3). Rule 4(f)(1) provides for service via internationally agreed upon means. Thus, under Rule 4(f)(1), Plaintiff may request service via email in cases of emergency per the Hague Convention. Rule 4(f)(3) allows service *by other means* than those internationally agreed upon, so long as they are not specifically prohibited by international agreement. Thus, under Rule 4(f)(3), Plaintiff may request service via email—which, as noted

above, does not appear to be prohibited by the Hague Convention—regardless of whether there is an emergency.

Plaintiff also satisfies due process requirements. The Unserved Defendants have retained U.S. counsel to defend them in this case and that counsel has communicated regularly with Plaintiff's counsel via email. (Dock. No. 14-1, at 1-9). Thus, email service would reasonably apprise the Unserved Defendants of the pendency of this action and provide them with an opportunity to present their objections. In addition to the fact that both of Rule 4(f)(3)'s requirements have been satisfied, the Court notes that, according to Plaintiff, service via the Hague Convention generally takes 1-2 years to complete and is frequently unsuccessful. (Dock. No. 14, at 13, n. 1). Thus, the Court determines that, in its discretion, alternate service via email to the Unserved Defendants' U.S. counsel fits the facts and circumstances of this case.

## II.     Conclusion

For the reasons stated above, Plaintiff's Motion to serve the Unserved Defendants via email to their U.S. counsel is **GRANTED**. Plaintiff shall have fourteen days following the issuance of this order to effect such service.

**SO ORDERED**.

Signed: May 20, 2020

Graham C. Mullen
United States District Judge