IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00130-GCM

| | |
|---|---|
| CELGARD, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD., SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE, GLOBAL VENTURE DEVELOPMENT, INC., SUN TOWN TECHNOLOGY, INC., XIAOMIN ZHANG, GLOBAL VENTURE DEVELOPMENT, LLC,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Motion to Dismiss, or, in the Alternative, Transfer or Stay (ECF Doc. 34) and Plaintiff's request for early discovery set forth in Plaintiff's Response to Defendants Shenzhen Senior Technology Material Co. Ltd.'s and Dr. Xiaomin ("Steven") Zhang A/K/A Bin Wang's Motion to Dismiss for Lack of Personal Jurisdiction (ECF Doc. 40 n.6).

District Courts are granted broad discretion in resolving discovery issues pending before them. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). Such discretion extends to deciding issues of whether to grant early or additional discovery in disputes regarding personal jurisdiction. *Id.*; *S & S Mgmt., Inc. v. White*, No. 3:15-cv-00122-FDW-DSC, 2015 WL 3818881, at *2 (W.D.N.C. June 18, 2015). If a "plaintiff can show that discovery is necessary in

order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988). "However, where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition." *Id.* Moreover, "when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, denying jurisdictional discovery is appropriate." *Szulik v. TAG Virgin Islands, Inc.*, 783 F. Supp. 2d 792, 795 (E.D.N.C. 2011). In sum, in determining whether to grant early jurisdictional discovery, it is helpful to consider whether the proposed line of inquiry would alter the Court's analysis of the personal jurisdiction issues. *See id.*

Here, Plaintiff requests early jurisdictional discovery to assist the Court in analyzing Plaintiff's theories of personal jurisdiction over Defendants. After an in-depth review of the pleadings, the Court finds that early jurisdictional discovery is appropriate. The Court does not find that Plaintiff's requests are a mere fishing expedition. Rather, jurisdictional discovery would likely assist the Court in its analysis of the personal jurisdictional issues present in this case.

Therefore, the Court will allow limited jurisdictional discovery on the topic of the Court's personal jurisdiction over Defendants. To that end, Plaintiff may serve each Defendant with ten (10) requests for production with no subparts and ten (10) interrogatories with no subparts. Plaintiff may depose each Defendant under Federal Rule of Civil Procedure 30(b)(6). Plaintiff may depose each of Defendants' declarants, including Jian Chen, Jingchun Xie, and Xiaomin Zhang (A/K/A Bin Wang). Early jurisdictional discovery shall be complete no later than 120 days after entry of this Order.

To ensure that Defendants receive a full and fair opportunity to brief their arguments, which may be affected by this period of limited discovery, the Court will deny their pending motions to dismiss *without prejudice*. *See S & S Mgmt, Inc.*, 2015 WL 3818881, at *2. The Court notes that this ruling should not be construed as a waiver of any arguments on the issue of personal jurisdiction; all such arguments have been preserved. *See id.* If, after jurisdictional discovery, Defendants wish to renew their motions to dismiss, they must do so within fourteen (14) days after the expiration of the 120-day jurisdictional discovery period. Given the Court's ruling, Plaintiff's request for Extension of Time to Respond to Motion to Dismiss, or, in the Alternative, Transfer or Stay (ECF Doc. 34) will be denied as moot.

**IT IS THEREFORE ORDERED** that Defendants Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute, Sun Town Technology, Inc., Global Venture Development, LLC, and Global Venture Development, Inc.'s Motion to Dismiss, Or, In the Alternative, Transfer or Stay (ECF Doc. 24) is **DISMISSED WITHOUT PREJUDICE**; Defendants Shenzhen Senior Technology Material Co. Ltd.'s and Dr. Xiaomin ("Steven") Zhang's Motion to Dismiss for Lack of Personal Jurisdiction (ECF Doc. 36) is **DISMISSED WITHOUT PREJUDICE**; Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Motion to Dismiss, or, in the Alternative, Transfer or Stay (ECF Doc. 34) is **GRANTED IN PART AND DENIED AS MOOT IN PART**, as provided in this Order.

**SO ORDERED**.

Signed: January 22, 2021

Graham C. Mullen
United States District Judge