IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00130-GCM

| | |
|---|---|
| CELGARD, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD.,<br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE,<br>GLOBAL VENTURE DEVELOPMENT, INC.,<br>SUN TOWN TECHNOLOGY, INC.,<br>XIAOMIN ZHANG,<br>GLOBAL VENTURE DEVELOPMENT, LLC,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court upon Defendants Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute, Sun Town Technology, Inc., Global Venture Development, LLC, and Global Venture Development, Inc.'s Motion for Leave to File Documents Under Seal (ECF Doc. 23), Defendants Shenzhen Senior Technology Material Co. Ltd. and Dr. Xiaomin "Steve" Zhang's Motion for Leave to File Documents Under Seal (ECF Doc. 35), and Defendants Shenzhen Senior Technology Material Co. Ltd. and Dr. Xiaomin "Steve" Zhang's Motion for Leave to File Documents Under Seal (ECF Doc. 45), none of which were opposed.

When a party makes a request to seal judicial records, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons

for its decision to seal rather than choosing other alternatives. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In accordance with the law of this Circuit as well as the Local Rules, the Court has considered these motions to seal, the public's interest in access to such materials, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to these motions. The motions were filed on May 27, 2020, June 11, 2020, and July 16, 2020, and they have been accessible to the public through the Court's electronic case filing system since that time. The Court determines that no less restrictive means other than sealing is sufficient because a public filing of such materials would reveal confidential financial and business information which, if made public, could harm the parties' business interests. The Court concludes that the sealing of these documents is narrowly tailored to serve the interest of protecting the confidential information.

**IT IS THEREFORE ORDERED** that Defendants Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute, Sun Town Technology, Inc., Global Venture Development, LLC, and Global Venture Development, Inc.'s Motion for Leave to File Documents Under Seal (ECF Doc. 23), Defendants Shenzhen Senior Technology Material Co. Ltd. and Dr. Xiaomin "Steve" Zhang's Motion for Leave to File Documents Under Seal (ECF Doc. 35), and Defendants Shenzhen Senior Technology Material Co. Ltd. and Dr. Xiaomin "Steve" Zhang's Motion for Leave to File Documents Under Seal (ECF Doc. 45) are all hereby **GRANTED**, and the requested documents shall be filed under seal until further Order of this Court.

**SO ORDERED**.

Signed: January 25, 2021

Graham C. Mullen
United States District Judge