# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00130-GCM

| | |
|---|---|
| CELGARD, LLC,<br><br>      **Plaintiff,**<br><br> v.<br><br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD.,<br>SHENZHEN SENIOR TECHNOLOGY MATERIAL CO. LTD. (US) RESEARCH INSTITUTE,<br>GLOBAL VENTURE DEVELOPMENT, INC.,<br>SUN TOWN TECHNOLOGY, INC.,<br>XIAOMIN ZHANG,<br>GLOBAL VENTURE DEVELOPMENT, LLC,<br><br>      **Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court upon Defendants Shenzhen Senior Technology Material Co. Ltd. and Dr. Xiaomin ("Steven") Zhang's Motion to Dismiss, Or, In the Alternative, Transfer Or Stay Pursuant to the First-Filed Rule and for Protective Order Staying Jurisdictional Discovery ("Motion") (ECF Doc. 56), which was filed on April 20, 2021. Plaintiff Celgard, LLC, filed a response on May 4, 2021. In the response, Celgard requested a conference regarding the discovery disputes arising out of this Motion. Having reviewed the Motion and the parties' briefs, the Court finds that neither oral argument nor a discovery conference is necessary.

    **I.**    **BACKGROUND**

The parties are well-familiar with the facts of this case, but the prolonged procedural tale is at times so complex that even the parties have trouble regaling all its gory details. Therefore,

the Court sets forth the relevant procedural history as follows.  In September 2019, Plaintiff Celgard, LLC filed a complaint against Defendants Shenzhen Senior Technology Material Co. Ltd. (US) Research Institute ("Senior-California") and Shenzhen Senior Technology Material Co. Ltd. ("Senior-China") in the Northern District of California ("California action") alleging patent infringement, misappropriation of trade secrets, and other claims not relevant to the present Motion.  Pursuant to patent venue requirements, Celgard was required to file its patent infringement claims in the Northern District of California.  According to Celgard, its related trade secrets claims were filed in the same district in the interest of judicial efficiency.  The complaint has been amended multiple times since the initial filing, and other defendants were added, including Global Venture Development, Inc., Global Venture Development, LLC, and Sun Town Technology, Inc.  Subsequently, Senior-California, Global Venture Development, Inc., Global Venture Development, LLC, and Sun Town Technology, Inc., filed counterclaims for declaratory judgment of no misappropriation of trade secrets.  On December 26, 2019, Senior-China filed a motion to dismiss for lack of personal jurisdiction in the California action, which was granted on February 10, 2020.

Consequently, Celgard amended its complaint to remove Senior-China as a defendant in the California action and remove its trade secret misappropriation claims.  Celgard then filed this action in the Western District of North Carolina ("North Carolina action"), which addresses Celgard's trade secret claims.  Even though only Senior-China was dismissed from the California action, Celgard named Senior-California, Global Venture Development, Inc., Global Venture Development, LLC, and Sun Town Technology, Inc. in the North Carolina action, allegedly with the goal of litigating all trade secret misappropriation claims in the same district—since Celgard

claimed the Western District of North Carolina had jurisdiction over all named defendants. Celgard also added Dr. Zhang as a defendant in the North Carolina action.

Meanwhile, in the California action, Celgard filed a Motion to Render Moot or Transfer Counterclaims on May 22, 2020, arguing the counterclaims should be moot or transferred to the Western District of North Carolina. On June 17, 2020, Senior-California, Global Venture Development, Inc., Global Venture Development, LLC, and Sun Town Technology, Inc. filed a Motion to Enjoin Celgard from Pursuing Later-Filed Action. On June 26, 2020, the Northern District of California stayed Celgard's Motion to Render Moot or Transfer Counterclaims, awaiting this Court's decision as to personal jurisdiction issues, which are discussed below. Then, on July 21, 2020, the Northern District of California denied the motion to enjoin, choosing not to interfere with the Western District of North Carolina's discretion in deciding the first-to-file issue.

While the above motions were being filed in the California action, the parties were filing motions to dismiss in the North Carolina action. On May 27, 2020, Senior-California, Global Venture Development, Inc., Global Venture Development, LLC, and Sun Town Technology, Inc. filed a joint motion to dismiss for lack of personal jurisdiction, arguing in the alternative that this Court should dismiss, transfer, or stay pursuant to the first-to-file rule. Additionally, on June 11, 2020, Senior-China and Dr. Zhang filed their own joint motion to dismiss for lack of personal jurisdiction. On January 22, 2021, this court denied both motions without prejudice pursuant to Celgard's request to perform early jurisdictional discovery on the matter of personal jurisdiction and granted Celgard one hundred twenty days to perform such discovery. The motions to dismiss were not to be refiled until two weeks after the jurisdictional discovery was complete. Jurisdictional discovery should have ended on May 24, 2021, and the motions to dismiss could have been refiled on June 7, 2021.

However, there have been ongoing delays and deficiencies relating to the early jurisdictional discovery granted by this Court. During the ongoing discovery struggles, Senior-China and Dr. Zhang purportedly consented to personal jurisdiction in the Northern District of California through the filing of amended counterclaims on April 19, 2021. Celgard filed a motion to strike this amended answer and the amended counterclaims, and the Northern District of California has not yet ruled on Celgard's motion to strike. The next day, April 20, 2021, Senior-China and Dr. Zhang filed the present Motion in the North Carolina action. In the present Motion, Senior-China and Dr. Zhang argue that, because they have consented to personal jurisdiction in the Northern District of California, this Court should apply the first-to-file rule and dismiss, transfer, or stay this case. Further, on April 26, 2021, in the Northern District of California, Senior-China and Dr. Zhang filed their own Motion to Enjoin Celgard from Pursing Later-Filed Action. The Northern District of California has not ruled on that motion either. Any additional relevant facts or procedural history will be set forth in the discussion section below.

## II. DISCUSSION

Generally, "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982). The decision of whether to invoke the first-to-file rule is discretionary and made on a case-by-case basis. *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003). In such cases where the first-to-file rule is invoked and no exception applies, courts can transfer, stay, or dismiss the later-filed action. *See id.* To determine whether to apply the first-to-file rule, courts consider three factors: (1) "the chronology of the filings"; (2) "the similarity of the parties involved"; and (3) "the similarity of the issues at stake." *Id.* After considering these factors,

a court may still decide that "'special circumstances,' such as forum shopping, anticipatory filing, or bad faith filing" merit disregarding the rule. *Id.*

Here, Senior-China and Dr. Zhang contend that this court should invoke the first-to-file rule and dismiss, transfer, or stay the North Carolina action because no exception to the first-to-file rule exists and they have now consented to personal jurisdiction in the Northern District of California. Yet, the issue before the Court is not so clear as Senior-China and Dr. Zhang would have it seem. While they argue this Court should invoke the first-to-file rule and give deference to the California action, the personal jurisdiction issues still linger. The Northern District of California has deferred to this Court to decide whether it has personal jurisdiction over the trade secret claims before the Northern District of California resolves whether it should moot or transfer the relevant counterclaims. Those same disputed counterclaims are the ones which were amended to purportedly give rise to the Northern District of California's personal jurisdiction over Senior-China and Dr. Zhang. Moreover, the Northern District of California has already once denied a motion to enjoin this later-filed action, noting again the pending personal jurisdiction issues in the North Carolina case. In sum, given the pending motions in the Northern District of California, which are closely intertwined with the personal jurisdiction issues in this Court, this Court cannot adequately rule on a first-to-file motion to dismiss, transfer, or stay until jurisdictional discovery is complete.

It is worth observing that, in the undersigned's opinion, the seemingly perpetual motion practice in these related actions is toeing the line between generally acceptable litigation tactics and procedural gamesmanship that is preventing the administration of just, speedy, and inexpensive determinations. Alas, there is no way out of this tightly woven procedural web except to keep slowly crawling forward. After considering the present motion and the procedural history

of this case, the Court is left with the clear notion that the best way to proceed at present is to deny Senior-China and Dr. Zhang's Motion without prejudice, to be refiled after jurisdictional discovery is complete.

Notably, in both motions pertaining to the first-to-file rule, the parties have disputed which district should decide the first-to-file issue. It appears that there is no clear Fourth Circuit precedent on which district must decide the issue. *See, e.g.*, *id.* at 359 ("[W]here parallel federal litigation has been filed, the court in which the litigation was first filed must decide the question of where the case should be heard."); *but see, e.g.*, *Troche v. Bimbo Foods Bakeries Distrib., Inc.*, No. 3:11CV234-RJC-DSC, 2011 WL 3565054, at *3 (W.D.N.C. Aug. 12, 2011) ("If the first-filed rule applies, a district court must dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier filed action."). There is also some dispute about which action actually is first-filed, given the numerous amendments to the complaint and counterclaims in the California action. The Court suggests that, should any defendants choose to refile motions to dismiss, transfer, or stay pursuant to the first-to-file rule, the above-referenced disputes should be more carefully briefed in future motions.

Lastly, Senior-China and Dr. Zhang requested a protective order in this Motion staying the jurisdictional discovery until the Motion is ruled upon, but that portion of the Motion is now moot. Because it appears that Senior-China and Dr. Zhang have not produced additional discovery since this Motion was filed, the Court will provide additional time to complete jurisdictional discovery. The period for early jurisdictional discovery will close on June 18, 2021, and any motions to dismiss that the defendants wish to refile shall be filed by or before July 2, 2021.

### III. ORDER

For the reasons stated herein, **IT IS THEREFORE ORDERED**:

1. Shenzhen Senior Technology Material Co. Ltd. and Dr. Xiaomin ("Steven") Zhang's Motion to Dismiss, Or, In the Alternative, Transfer Or Stay Pursuant to the First-Filed Rule and for Protective Order Staying Jurisdictional Discovery (ECF Doc. 56) is **DENIED WITHOUT PREJUDICE**;

2. The period for early jurisdictional discovery previously granted by this Court will close on June 18, 2021; and

3. Defendants shall have until July 2, 2021, to refile their motions to dismiss, should they choose to do so.

**SO ORDERED**.

Signed: May 13, 2021

Graham C. Mullen
United States District Judge